UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to: *Salas v. Monsanto Company et al.*, Case No. 21-cv-6173 | **PRETRIAL ORDER NO. 257: DENYING MOTION TO REMAND IN LIGHT OF FRAUDULENT JOINDER** |
| | Re: Dkt. No. 13656 |

Salas's motion to remand is denied because all the non-diverse defendants in this suit—KLI Shell Lumber & Hardware (KLI Shell), Valdes, and Conroy—were fraudulently joined.

1. Monsanto's removal was timely. Where "the case stated by the initial pleading is not removable," a defendant has thirty days to file a notice of removal after receiving a "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Whether a case is or has become removable "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

Even if Monsanto was aware of the deficiencies in Salas's claims against Conroy from the start, this was not enough to trigger section 1446(b)'s thirty-day window: a case is only removable on the basis of diversity jurisdiction if *all* the non-diverse defendants were fraudulently joined, not just one of them. And here, Monsanto could not ascertain that KLI or Valdes were fraudulently joined until some time in March 2021. The notice of removal, filed on March 30, 2021, was therefore timely.

2. In her complaint, Salas alleges that she purchased Roundup between 2004 and 2014 from a store located at 102265 Overseas Highway—a store she alleges was owned and operated by KLI Shell and Valdes during that period. But Monsanto has presented evidence that KLI Shell and Valdes did not have an ownership interest in the Overseas Highway Store until 2017, when KLI Shell acquired the store through an asset purchase agreement. Neither KLI Shell nor Valdes assumed any products liability through this purchase; any such liability remained with the seller. This "extraordinarily strong evidence" shows that Salas "could not possibly prevail on her claims" against KLI Shell or Valdes. *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).[1]

Salas does not dispute this evidence. Rather, she argues that liability could have flowed to KLI Shell after the transaction through some other theory under Florida law—if, for example, the transaction was a de facto merger, the successor was a mere continuation of the predecessor, or the transaction was a fraudulent effort to avoid liability. *See Bernard v. Kee Manufacturing Co.*, 409 So. 2d 1047, 1049–51 (Fla. 1982). But the declarations of Valdes and Dorne (the attorney who represented KLI Shell in the transaction) cast doubt on this theory: the asset purchase was an arms-length negotiation with each party represented by its own attorney. That the store took a similar (but distinct) name after the sale is not enough to raise a reasonable possibility that the successor corporation was a mere continuation of the predecessor. Salas's speculation, without any evidentiary support, is insufficient to overcome the clear and convincing evidence supplied by Monsanto. KLI Shell and Valdes were therefore fraudulently joined.

3. Conroy, too, was fraudulently joined. Conroy was a Monsanto employee during the period when Salas purchased Roundup. However, Monsanto has provided a sworn declaration by Conroy stating that his job duties have only ever involved Roundup sold in the agricultural and professional markets—not the residential market. Since Salas's Roundup exposure occurred through residential use, Monsanto has demonstrated that Conroy could not have had any role in

---

[1] Ninth Circuit precedent, rather than the transfer circuit's precedent, governs this motion. *See In re Roundup Products Liability Litigation*, 2019 WL 6122004, at *1 (N.D. Cal. Nov. 19, 2019).

marketing, selling, or distributing the Roundup at issue here.

Salas's only attempt to rebut this evidence is a line in a bio that Conroy provided when he spoke at a conference. That Conroy describes his role somewhat vaguely in an informal document is insufficient, on its own, to undermine Conroy's sworn declarations. *See Martinez v. McKesson Corp.*, 2016 WL 5930271, at *3 (S.D. Cal. Apr. 7, 2016). Salas additionally argues that, even in the absence of *any* contesting evidence, she must prevail on her motion because she "disputes Mr. Conroy's factual assertions and characterizations." But simply declaring that there is a factual dispute does not make it so. The burden to establish fraudulent joinder is indeed a "heavy" one. *Grancare*, 889 F.3d at 548. "But that does not mean the Court must close its eyes to reality—particularly given the experience the Court has gained throughout the course of this MDL." *In re Roundup Products Liability Litigation*, 2021 WL 4186714, at *2 (N.D. Cal. Sept. 15, 2021).

**IT IS SO ORDERED.**

Dated: November 5, 2021

_____
VINCE CHHABRIA
United States District Judge